**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| Gregory Taylor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:04-cv-104 |
| | ) | |
| Otter Tail Corporation, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is defendant Otter Tail Corporation's (Otter Tail) motion in limine filed.

Otter Tail seeks to the plaintiff from introducing evidence of any subsequent remedial measures taken

by Otter Tail or any of its agents after a utility pole on which the plaintiff was working broke and he

was injured.

Evidence of subsequent remedial measures is generally not admissible to prove negligence.

Fed. R. Evid. 407.  Such evidence is admissible to prove ownership, control, feasibility of

precautionary measures if controverted and for impeachment purposes. Id.  The Court fully intends to

adhere to Rule 407 in its evidentiary rulings during the trial.

The standard practice of this Court is to deny motions in limine without prejudice and subject

to their being renewed at trial as the evidence presents itself.  The Court appreciates being forewarned

of this potential evidentiary issue.

Accordingly, Otter Tail's motion in limine is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 8th day of May, 2006.

/s/ Patrick A. Conmy
Patrick A. Conmy, Senior District Judge
United States District Court