IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Gregory Taylor, a single person, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:04-cv-104 |
| | ) | |
| Otter Tail Corporation, a foreign | ) | |
| corporation, d/b/a Otter Tail Power | ) | **ORDER REGARDING COSTS** |
| Company; Midcontinent Media Inc., a | ) | |
| foreign corporation and its subsidiary | ) | |
| and affiliated companies, d/b/a | ) | |
| Midcontinent Cable Company, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are motions for taxation of controverted costs filed by the Plaintiff and both Defendants. The motions are made following a jury trial at which the Plaintiff prevailed on his personal injury claims against Otter Tail. Midcontinent successfully defended the claims against it. Otter Tail's claimed costs relate to a Rule 68 offer of judgment made prior to trial. The Plaintiff has appealed following the post-trial reduction of the jury award by the Court.

**I.   COSTS**

The taxation of costs is governed by Fed. R. Civ. P. 54, Local Rule 54.1 and 28 U.S.C. §§ 1920 and 1821. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

28 U.S.C. § 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The taxation of costs is a "normal incident of defeat" but trial courts have significant discretion in their award. Poe v. John Deere Co., 695 F.2d 1103, 1108(8th Cir. 1982)(quoting Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)).

As a general rule, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (8th Cir. 1996). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court [of] its control over those aspects of the case involved in the appeal." Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996).

However, several exceptions exist to the general rule. It is well-established that a district court retains jurisdiction over collateral matters, such as attorney's fees and costs while an appeal is pending. Peters v. Jax, 187 F.3d 829, 833 n.2 (8th Cir. 1999) (citing Missouri v. Couer D'Alene Tribe, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999)). A district court may also continue to assert jurisdiction where the court is supervising a continuing course of conduct between the

parties.  In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996).  Another well-established exception to the general rule of jurisdictional divestiture, is a district court's ability to retain jurisdiction to the extent necessary to enforce a judgment which has not been stayed.  In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996).  It is thus clear that the Court retains jurisdiction to rule on collateral matters such as costs.

### A.  Gregory Taylor

As a prevailing party Taylor is entitled to his costs.  A bill of costs in the amount of $3,348.18 has been submitted by Taylor.  Otter Tail has no objection to Taylor's bill of costs.

### B.  Otter Tail

On February 16, 2006, Otter Tail and Midcontinent jointly made a Rule 68 offer of judgment in the amount of $350,000.00.  Taylor rejected the offer.  Trial of this matter was concluded on May 18, 2006.  Taylor prevailed as to Otter Tail while failing to prove his claims as to Midcontinent.  The jury award, which was well in excess of $350,000.00, was reduced by the Court and an Amended Judgment was entered May 31, 2006, in the amount of $304,811.14.  Otter Tail, has submitted a bill of costs in the amount of $4,302.47, for costs incurred after the making of the Rule 68 offer of judgment.  Taylor does not object to the taxing of these cost in favor of Otter Tail.

### C.  Midcontinent

Micontinent prevailed at trial and as such is entitled to its costs.  A bill of costs has been submitted by Midcontinent in the amount of $18, 138.10.  Taylor has objected to the following items:

1. Airfare for Gregory Taylor

|  |  |
|---|---|
|  | $420.40 |
| 2. Travel expenses paid to Gregory Taylor | $324.59 |
| 3. Medical Evaluations, Inc. for IME "no show" | $450.00 |
| 4. IME by Paul Gleich, M.D. –Medical Evaluations, Inc. | $1,850.00 |
| 5. IME by Bruce Mack, M.D. –Medical Evaluations, Inc. | $1,975.00 |
| 6. Payment to James Taylor for professional services | $1,924.87 |
| 7. Payment to Medical Evaluations, Inc. for professional services | $4,000.00 |
| 8. Copies of records from Workforce Safety & Insurance | $154.32 |

Taylor objects to the first seven items as not being proper costs under 28 U.S.C. § 1920. He notes §1920 does not provide for the recovery of travel expenses. Taylor also argues that it is unclear what exactly item number seven is for. Item number eight is objected to as being duplicative.

Courts are granted wide latitude in the award of costs. Midcontinent has provided little in the way of explanation or justification for the items to which Taylor objects. Travel expenses and expert fees are generally not recoverable as costs. The Court is of the opinion IME's are not properly taxable as costs. The $4,000.00 charge in item number seven lacks an explanation. The copying charge in item number eight does appear to be duplicative. Item number three will be allowed as it was apparently only incurred due to Taylor's failure to show up at the appointed time. The Court will not allow any of these items, save number three, to be taxed.

**D.  Appeal**

As noted by Taylor, the outcome of the pending appeal may necessitate the revisiting of the cost issue. If necessary, the parties should file the appropriate motions once the appeal has been heard and ruled upon.

## II. CONCLUSION

Accordingly, costs will be taxed as follows:

1. $3,348.18 in favor of Taylor and against Otter Tail.
2. $4,302.47 in favor of Otter Tail and against Taylor.
3. $7,488.92 in favor of Midcontinent and against Taylor.

**IT IS SO ORDERED.**

Dated this 10th day of June, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court